**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| DONALD E. BAKER; L. SUE BAKER; SEATEX CHARTERS, INC., an Alaskan Corporation, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| M/Y SEATEX, O.N. 287804, HER TACKLE, APPAREL, BOATS, APPURTENANCES, *in rem*; DANIEL JEFFERY WEBB; SEATEX CHARTERS II LLC., *in personam*, | ) ) ) ) |
| Defendants. | |

**IN ADMIRALTY**

No. 3:11-cv-00096

MOTION FOR DEFAULT JUDGMENT IN REM

## I. INTRODUCTION

Plaintiffs Donald E. Baker, L. Sue Baker and SEATEX CHARTERS, Inc., by and through their counsel of record herein, move this Court for entry of Default Judgment *in rem* as to said vessel, her boats, appurtenances, tackle and equipment, wherever found.

This motion is based upon the records and files herein and the Declaration of Steven V. Gibbons, which show that process has been effected as to the Defendant vessel M/Y SEATEX, O.N. 287804, that due notice of this action and arrest of the referenced vessel has

MOTION FOR DEFAULT JUDGMENT IN REM     1

GIBBONS & ASSOCIATES, P.S.
1001 Fourth Avenue, Suite 3600, Seattle, WA 98154
Phone 206/381-3340   Fax 206/381-3341

MOTION FOR ENTRY OF ORDER COMPELLING DEFENDANTS TO PERFORM

been given as required, that notice thereof has been published in accordance of the rules and processes of this Court, that time for filing a verified claim of interest has expired with no one filing any such claim of interest, that the time for filing an Answer to the Verified Complaint herein has expired, with no one filing an Answer to said Verified Complaint, and that no one has appeared in this action, despite the above.

## II. DISCUSSION

This action was commenced on May 3, 2011 by the filing of a Verified Complaint including to foreclose a preferred marine mortgage against the vessel M/Y SEATEX. On February 10, 2011, Plaintiffs commenced a related, nearly identical action in the Western District of Washington, under cause number 3:11 cv 05122 for the same purpose against the same defendants. The *in personam* defendants evaded service of process in that action, and surreptitiously removed the defendant vessel from that judicial district to avoid the processes of the court. After a lengthy and expensive search, the defendant vessel was discovered at Juneau, Alaska, where she had been left by Defendant Webb and his apparently now defunct, one-member limited liability company, Defendant SEATEX CHARTERS II, LLC, with an unpaid moorage bill. Plaintiffs also discovered through investigation that said defendants had left a trail of unpaid vendors, suppliers, etc., in Western Washington, before taking the vessel in the dead of winter, without insurance coverage of any kind, to Juneau. Shortly after discovering the vessel in Juneau, his action was commenced.

On May 16, 2011, the Defendant Vessel M/Y SEATEX, O.N. 287804, was arrested at Juneau by the United States Marshal's Service pursuant to a Warrant for Arrest issued by this Court on May 10, 2011, and custody thereof was transferred to a substitute custodian appointed by this Court. The defendant vessel is a relatively lightly constructed wooden motor yacht 56 feet in length and is subject to deterioration if kept in Southeast Alaska for an extended period without careful and constant maintenance and attention.

MOTION FOR DEFAULT JUDGMENT IN REM    2

GIBBONS & ASSOCIATES, P.S.
1001 Fourth Avenue, Suite 3600, Seattle, WA 98154
Phone 206/381-3340   Fax 206/381-3341

MOTION FOR ENTRY OF ORDER COMPELLING DEFENDANTS TO PERFORM

In accordance with Supplemental Admiralty Rule C (4) and Local Admiralty Rule (c)-2, notice of the arrest of the defendant vessel was published both in the Juneau Empire and in the Anchorage Daily News on May 26, 2011, as reflected in Plaintiffs' Notice and Supplemental Notice herein filed on May 26 and May 31, respectively.  Declaration of Steven V. Gibbons.  Additionally, in accordance with 46 U.S.C. §31325, notice of the action and of the arrest of the vessel was provided, via certified mail, to each person or entity with a recorded or known interest in the vessel, including the *in personam* defendants named herein, by sending the same to their last known address (including the address for the Registered Agent for Seatex Charters II, LLC, which is both Defendant Webb's last known address and the notice address in the Preferred Ship's Mortgage), and to Richard Day, the Port of Port Townsend, Bainbridge Island Marina, Gold Star Marine, and Admiral Ship Supply, who appear to have provided services and or supplies to the defendant vessel while in the possession of the *in personam* defendants.  Additionally, because the *in personam* defendants failed to sign for the certified mail deliveries to them, notice was also emailed to Defendant Webb, as both a defendant herein and as Registered Agent for his limited liability company, *in personam* defendant Seatex Charters II, LLC, using the email address danieljwebb36@gmail.com, a web address known to be used by Defendant Webb to conduct business including while this action and the Washington action have been pending.  The referenced email also transmitted to Defendant Webb in his individual capacity and as Registered Agent for his company Defendant Seatex Charters II, LLC, a true and accurate copy of the summonses issued by the Clerk of this Court herein to both *in personam* defendants and the Verified Complaint in the above-captioned action.  The referenced email was sent by Plaintiffs' counsel to Defendant Webb in response to an email inquiry from Defendant Webb to a third party about abandoning his interest or claim to the Defendant vessel.  Declaration of Steven V. Gibbons.

GIBBONS & ASSOCIATES, P.S.
1001 Fourth Avenue, Suite 3600, Seattle, WA  98154
Phone 206/381-3340   Fax 206/381-3341

MOTION FOR ENTRY OF ORDER COMPELLING DEFENDANTS TO PERFORM

Defendant Webb and his limited liability company continue to evade service of process both in this and in the companion Washington action.  Meanwhile, no claim of interest or answer or appearance has been filed in this or in the Washington action, despite the expiration of time allowed therefor.  To avoid continuing expense of custodianship and possible deterioration of the defendant vessel, and to conclude the *in rem* portion of this action (which will then also render moot the *in rem* portion of the Washington action).

An Order of Default was entered by the Clerk at Plaintiffs' request on July 8, 2011.

Plaintiffs request that the Court enter Default Judgment *in rem* herein at this time, foreclosing all claims of right to or interest in the vessel except that of Plaintiffs.

### III.  CONCLUSION

Plaintiffs have satisfied all prerequisites to obtaining a default judgment against the *in rem* Defendant M/Y SEATEX, including the notice requirements of this Court and of 46 U.S.C. §31325.  Defendants have failed to answer or otherwise respond herein in any way, and are now in default.  Pursuant to Fed. R. Civ. P. 55 (a) and (b), and Supplemental Admiralty Rule E (9)(b) and Local Admiralty Rule (c)-4, default judgment can and should be entered at this time as to the *in rem* defendant vessel.

Dated this 8th day of July, 2011.

___//ss//_____

Steven V. Gibbons, WSBA # 14028

___//ss//_____

James T. Brennan

Attorneys for Plaintiffs

GIBBONS & ASSOCIATES, P.S.
1001 Fourth Avenue, Suite 3600, Seattle, WA  98154
Phone 206/381-3340   Fax 206/381-3341

MOTION FOR ENTRY OF ORDER COMPELLING DEFENDANTS TO PERFORM