UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DONALD E. BAKER; L. SUE BAKER; SEATEX CHARTERS, INC., an Alaskan Corporation,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>M/Y SEATEX, O.N. 287804, HER TACKLE, APPAREL, BOATS, APPURTENANCES, *In Rem*, DANIEL JEFFERY WEBB; SEEATEX CHARTERS II LLC., *In Personam*,<br><br>　　　　　　Defendants. | 3:11-cv-00096-JWS-JDR<br><br>**RECOMMENDATION**<br>**REGARDING**<br>**MOTION FOR DEFAULT**<br>**JUDGMENT IN REM**<br><br>(Docket No. 22) |

　　　　Plaintiffs Donald E. Baker, Sue Baker and SEATEX CHARTERS, Inc., moved this court for an entry of Default Judgment *In Rem* as to the Marine Yacht SEATEX, her boats, appurtenances, tackle and equipment.

　　　　The Plaintiff moves the Court to grant their *Motion for Default Judgment In Rem* in order to foreclose on a preferred marine mortgage. This Court previously

made an *Entry of Default In Rem* (Docket 21) on July 8, 2011, ordering that "default is hereby entered of all persons and entitles claiming interest in the In *Rem* defendant M/Y SEATEX . . . ."[1] The United States Marshal arrested the vessel on May 16, 2011 and notice of the arrest was published in accordance with Local Admiralty Rule (c)-2 on May 26, 2011.[2] The Court ordered the appointment of a Substitute Custodian at Docket 13. The time for filing a verified claim of interest and an Answer to the Complaint has expired without any such filing.[3] The action is ready for a recommendation regarding Default Judgement.

        The Magistrate Judge is satisfied that the Plaintiff has met the notice requirements for service under Local Rule (c)-3 with respect to the owner of the vessel, Daniel Jeffrey Webb, in this *In Rem* default action. The parties were previously involved in a "nearly identical action in the Western District of Washington" where the Plaintiffs in this action sought foreclosure on a preferred marine mortgage against the same Defendants.[4] During the course of that action, the Plaintiff claims the *In Personam* Defendants evaded process and moved the

---

[1] *Entry of Default In Rem*, Docket 21, p. 1.

[2] *See U.S. Marshals Return on Warrant for Arrest of Vessel*, Docket 15; *Declaration of Steven M. Gibbons Regarding Publication of Arrest of Vessel*, Docket 16-1.

[3] *See Motion for Default Judgment In Rem*, Docket 22, p. 2.

[4] *See Id.*

11-cv-096-HRH-JDR BAKER @22 R&R Re Motion for Default Judgment_mtd.wpd    2

Case 3:11-cv-00096-HRH   Document 27   Filed 07/15/11   Page 2 of 6

Defendant Yacht from the Washington to Juneau, Alaska, prompting the filing of this action in this District.

In the instant case, the Plaintiff has attempted to give the *In Personam* Defendants notice in the following ways: publication of the arrest of the defendant yacht in both the Anchorage Daily News and the Juneau Empire; notice of the action and of the arrest was provided by "certified mail, to each person or entity with a recorded or known interest in the vessel, including the *in personam* defendants named herein, by sending the same to their last known address (including the address for the Registered Agent for Seatex Charters II, LLC, which is both Defendant Webb's last known address and the notice address in the Preferred Ship's Mortgage);"[5] Plaintiff also attempted to provide notice to the Defendants by providing notice to Richard Day, the Port of Port Townsend, Bainridge Island Marina, Gold Stare Marine, and Admiral Ship Supply, all of whom provided services or supplies to the defendant vessel while the vessel was in the possession of the *In Personam* Defendants; Plaintiff, as a further precaution, emailed Defendant Webb at an address known to have been recently used by him, both in his role as the *In personam* defendant and as the registered agent for the company Seatex Charters.[6]

---

[5] *Id.* at 3.

[6] *Id.* Plaintiff emailed Mr. Webb citing that Plaintiffs believe Mr. Webb has failed to sign for certified mail deliveries in the past.

Local admiralty rule (c)-3 governs the notice requirements for Default and Default Judgment for *In Rem* actions. The rule requires that parties "seeking a default judgment in actions in rem must show that due notice of the action and arrest of the property has been given. . ."[7] Paragraph (b)(3)[A] requires that notice be given to "all persons identified in the United States Coast Guard Office of Vessel Documentation as having an interest in defendant vessel . . ."[8] As no one has filed a verified claim of interest, the named Defendants are the only known entities requiring service.

Rule (c)-3(c) allows for service to be excused upon "a showing that diligent effort was made to give the notice, without success."[9] It is clear that the Plaintiff has made considerable effort to notify the Defendants of the current action. The Magistrate Judge is satisfied that the Plaintiff has complied with Local Admiralty Rule (c)-3.

The Magistrate Judge recommends the Court find the Plaintiffs have Default Judgment *In Rem* for breach of the contract of purchase and for breach of the preferred marine mortgage against the Defendant Vessel M/Y SEATEX, O.N. 287804, her tackle, apparel, boats and appurtenances, wherever located, in the

---

[7] *Id.*

[8] *Id.*

[9] *Id.*

11-cv-096-HRH-JDR BAKER @22 R&R Re Motion for Default Judgment_mtd.wpd    4

Case 3:11-cv-00096-HRH   Document 27   Filed 07/15/11   Page 4 of 6

amount of $85,500.00, plus prejudgment interest thereon, and reasonable attorney's fees, said judgment to accrue interest at the rate of 8% per annum until paid in full.[10]

DATED this __14th__ day of July, 2011, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

This recommendation is issued as a final report and recommendation. Objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendation. Failure to object in accordance with this rule waives a party's right to review.

Objections to this report and recommendation shall be served and filed no later than CLOSE OF BUSINESS, July 22, 2011. Responses to objections are due by __N/A__. Objections shall not exceed 5 pages in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses

---

[10] In the Motion for Default Judgment, Plaintiff requests $6,500.00 in attorney's fees and a percentage rate of 12% APR. However, no accounting of fees has been provided to the court and the *Draft Letter of Understanding for a Sales Agreement to Include Divided Payments for the Purchase of a Vessel*, Docket 26, states that the party foreclosing on a mortgage shall be entitled to "reasonable attorney fees" further reporting that the interest rate is 8% APR. Accordingly, the Magistrate Judge recommends the court make findings consistent with the Sales Agreement of the parties. A final accounting of fees and costs should be calculated at the conclusion of the case.

shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support.